IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| --------------------------------- | : | CIVIL ACTION No. |
| ROSYLN ODEN | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| SEPTA | : | |
| STACY RICHARDSON | : | |
| Defendants | : | |

**COMPLAINT AND JURY DEMAND**

**<u>INTRODUCTION</u>**

1.     Plaintiff in the above captioned matter, claims a sum in excess of One Hundred Thousand Dollars ($100,000.00) in damages and upon her causes of action, avers as follows:

2.     This action for monetary damages and other appropriate relief is brought by Plaintiff to redress violations by Defendant Southeastern Pennsylvania Transportation Authority (hereinafter "SEPTA"), and Defendant Stacy Richardson, of rights secured to Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

3.     This action arises under the Americans with Disabilities Act, as amended under ADAAA, and the Pennsylvania Human Relations Act, (PHRA), which prohibit discrimination and failure to accommodate employees with disabilities by employers and retaliation because an employee engages in protected activities under these statutes, and is brought by Plaintiff to redress arbitrary, malicious, reckless, improper, unlawful, willful, and deliberate disabilities discrimination and retaliation by SEPTA and her supervisor.

## II.     JURISDICTION AND VENUE

4.      The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, which provide for the original jurisdiction of Plaintiff's claims arising under the laws of the United States of America.   Plaintiff has exhausted her administrative remedies before bringing this action.  On August 13, 2014, the EEOC issued Plaintiff her right to sue letter, (see attached copy), and it has been over one year since Plaintiff dual filed her administrative complaint under the ADA and PHRA with the PHRC.   The venue of this Court is proper pursuant to the dictates of Title 28 U.S.C. §1391 (c).

## III.     PARTIES

6.      Plaintiff, Rosyln Oden is a citizen of the United States, who currently resides in Philadelphia, Pennsylvania.

7.           Defendant, SEPTA, is a municipal agency, with its offices located at 1234 Market Street, Philadelphia, PA 19107.

8.           Defendant Stacy Richardson is a citizen of the United States and upon information and belief currently resides within the Commonwealth of Pennsylvania.

## IV.     BRIEF STATEMENT OF FACTS

9.      Plaintiff started working for SEPTA in March 31, 1989 as a Bus Operator.

10.     Plaintiff stopped working as a bus operator in or about April 15, 2011, when she was medically disqualified by SEPTA as a bus operator because of her disability and medical condition.

11.     Plaintiff was later assigned to the position of Cashier by SEPTA.

12.     Plaintiff is a qualified disabled person as defined under the federal and state anti-disability discrimination statutes.

13.     Plaintiff is a disabled person as defined by the ADAAA and PHRA and is capable of performing the essential functions of her position with reasonable accommodation from SEPTA.

14.     Plaintiff suffers from bipolar disorder, sleep disorder, sleep apnea and other medical conditions that are covered and protected under the anti-disability statutes.

15.     SEPTA's Medical Department knew and was aware of Plaintiff's medical condition and disabilities.  Plaintiff was first diagnosed as having bipolar disorder in 2005.

16.     In or about June 2011 SEPTA assigned Plaintiff to the Cashier position, morning shift; 4:55a.m. to 1:30pm.

17.     In or about July 2011, when Plaintiff told her new supervisors, Stacy Richardson and Darryl Wade about her disability, Defendant Richardson responded, "I really don't want you here".

18.     Plaintiff requested that she be provided reasonable accommodation of flexible reporting time and occasional personal or sick time because of her disability.

19.     Defendants failed to address Plaintiff's request for accommodation and failed to engage Plaintiff in a good faith interactive process to address her request for accommodation because of her disability.

20.     On or about July 3, 2011, Plaintiff again complained to Stacey Richardson about the need for accommodation because of her disabilities, and she asked how they would handle it if she had a problem coming to work because of her medical condition.   Ms. Richardson responded that Plaintiff would have to go to another department. But Ms. Richardson and SEPTA again

failed to address Plaintiff's request for accommodation.  However, Defendants were issuing Plaintiff attendance points for lateness, which were because of her disability.

21.   Stacey Richardson, falsified documents so as to terminate Plaintiff on or about April 13, 2012.

22.   But the Union discovered that Ms. Richardson falsified documents and SEPTA reinstated Plaintiff on September 21, 2012.

23.   SEPTA did not discipline Richardson for falsifying documents to support her retaliatory termination of Plaintiff.

24.   On October 30, 2012, Plaintiff was interviewed by Richardson about an incident, with another cashier, Chivelle Steward; she alleged that Plaintiff threatened Ms. Steward, but Plaintiff denied this allegation.

25.   On Thursday, November 22, 2012, Plaintiff was assaulted by another Cashier, Latonya Gibbs, at 56th and Market Street, inside the both; Gibbs smacked her hand, it was caught on camera, and a dispatcher who was on the phone when this incident occurred heard it.

26.   Plaintiff complained about this incident to SEPTA.  SEPTA failed to take any remedial action against Ms. Gibbs, but instead subjected Plaintiff to a disciplinary action, holding her off for 13 days.

27.   On or about November 27, 2012, Plaintiff complained to Bill Bannon, the Union Representative for Cashiers, that it was clear that Ms. Gibbs assaulted her.  But SEPTA failed to take disciplinary actions against Ms. Gibbs.

28.   On January 27, 2013, Plaintifft was unlawfully issued 5 attendance points by Stacy Richardson, because of an alleged absence which was FMLA covered.  This was a violation of Plaintiff's FMLA rights and Defendants' continuous failure to accommodate her disabilities.

29. On January 31, 2013, Plaintiff had called the dispatch desk to be absent by "taking a personal"; this was on a recorded line, and SEPTA has the tape of this conversation. But Plaintiff was later charged with unauthorized absence from her work area by Ms. Richardson.

30. This happened the same day Richardson had alleged that she felt that Plaintiff might have been sleeping while on duty and asked Assistant Director Derrick Supple to pull a video to monitor Plaintiff.

31. The reason for picking up the video was because of what Richardson alleged she saw at about 5:00pm; (alleged sleeping). However, the alleged incident Plaintiff was later charged with of alleged unauthorized absence occurred at about 5:45p.m.

32. Following Plaintiff engaging in protected activities, she was subjected to harassment, excessive monitoring, aggressive enforcement of work rules and policies by Defendants.

33. Plaintiff also protested the falsification of documents by Ms. Richardson to support a previous unjust termination. Ever since, Ms. Richardson had been harassing Plaintiff, subjecting her to excessive monitoring and looking for any reason to terminate Plaintiff.

34. On or about February 27, 2013, SEPTA terminated Plaintiff's employment.

V.   STATEMENT OF CLAIMS

### COUNT ONE – ADAAA VIOLATION – Disability Discrimination
### Plaintiff v. SEPTA

35. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 34 as if the same were fully set forth at length herein.

36. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors,, supervisors, employees and agents as stated above where Defendant discriminated

against Plaintiff because of her disabilities, failed to accommodate Plaintiff's disabilities and Plaintiff was terminated from employment because of her disabilities were violations of Plaintiff's rights under the Americans with Disabilities Act.

37. As a direct result of the said discriminatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT TWO – PHRA VIOLATION – Disability Discrimination
### Plaintiff v. All Defendants

38. Plaintiff incorporates by reference all allegations alleged in paragraphs one 1 through 37 as if the same were fully set forth at length herein.

39. The acts and conduct of the Defendants as stated above where Defendants discriminated against Plaintiff because of her disabilities, failed to accommodate Plaintiff's disabilities and Plaintiff was denied employment because of her disabilities were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

40. Defendant Richardson violated Plaintiff's rights under the statute by aiding and abetting the discriminatory practices against Plaintiff because of her disabilities.

41. As a direct result of the said discriminatory practices of the Defendants, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT THREE – ADAAA VIOLATION –Retaliation
### Plaintiff v. SEPTA

42. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 41 as if the same were fully set forth at length herein.

43. The acts and conduct of the Defendant SEPTA, through its officers, managers, directors,, supervisors, employees and agents as stated above where Defendant subjected Plaintiff to retaliatory actions because she complained of violation of her rights under the ADAAA were violations of Plaintiff's rights under the Americans with Disabilities Act Amended Act.

44. As a direct result of the said retaliatory practices of the Defendant, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### COUNT FOUR- PHRAVIOLATION – Retaliation
### Plaintiff v. All Defendants

45. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 44 as if the same were fully set forth at length herein.

46. The acts and conduct of the Defendants as stated above where Defendants subjected Plaintiff to retaliatory adverse actions because she opposed and complained about disability discrimination and Defendants' failure to accommodate her disability were violations of Plaintiff's rights under the Pennsylvania Human Relations Act.

47. As a direct result of the said retaliatory practices of the Defendants, Plaintiff sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back

pay, loss of front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT FIVE – SECTION 1983 VIOLATION

### Plaintiff v. Richardson

48. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 47 as if same were fully set forth at length herein.

49. The acts and conducts of the Defendant Richardson as stated above where Plaintiff was subjected to discriminatory treatment because of her disability by Richardson, while acting under the color of state law, were violations of the Civil Rights Act, 42 U.S.C. §1983, the Equal Protection Clause under the Constitution of the United States.

50. The acts and conduct of Richardson as stated above where Plaintiff was subjected to adverse actions by Richardson after complaining, protesting and or opposing disability discrimination and falsification of documents to support an unjust termination were violations of the Civil Rights Act, 42 U.S.C. §1983 and the Equal Protection Clause of the Fourteenth Amendment and Protestation Clause of the First Amendment under the Constitution of the United States.

51. As a direct and proximate result of said violation of Plaintiff's civil rights, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, and interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

### VI. PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully demands judgment against Defendants, and request that this Honorable Court:

A. Enter judgment against the Defendants for back pay, front pay, loss income, loss benefits, pre and post judgment interests, costs of suit, compensatory damages, punitive damages against the individual Defendant, attorneys' fees and expert witness fees as permitted by law; and

B. Award such other relief as the Court may deem necessary and just, including but not limited to an order to make whole and either reinstate Plaintiff to her employment with SEPTA or grant her front pay.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact raised by this complaint.

/s/ Olugbenga O. Abiona
_____
Olugbenga O. Abiona
1433 South 4th Street
Philadelphia, PA 19147
(215) 625-0330
Attorney ID # 57026
Attorney for Plaintiff

Dated: October 30, 2014